JOSHUA A. SLIKER, ESQ.
Nevada Bar No. 12493
I-CHE LAI, ESQ.
Nevada Bar No. 12247
**JACKSON LEWIS P.C.**
300 S. Fourth Street, Ste. 900
Las Vegas, Nevada 89101
Telephone: (702) 921-2460
Facsimile: (702) 921-2461
E-Mail: joshua.sliker@jacksonlewis.com
E-Mail: i-che.lai@jacksonlewis.com

*Attorneys for Defendant*
*Global Innovations Bank*

## UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| MARISOL LEVI, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>GLOBAL INNOVATIONS BANK, An Equity Form Unknown; GLOBAL FIDELITY CORP., An Entity Form Unknown; GLOBAL FIDELITY BANK, An Entity Form Unknown; GLOBAL INNOVATIONS HOLDINGS, INC., An Entity Form Unknown; GIBP NEVADA, An Entity Form Unknown; GIBP JAPAN, An Entity Form Unknown; GIBP GERMANY, An Entity Form Unknown; GIB BILL PAY, An Entity Form Unknown, DAVID HALES, an individual; DOES 1-100 inclusive.<br><br>Defendants. | Case No. 2:25-cv-01201-GMN-NJK<br><br><br>**STIPULATION AND ORDER FOR EXTENSION OF TIME TO FILE RESPONSE TO PLAINTIFF'S COMPLAINT**<br><br><br>**(SECOND REQUEST)** |

Pursuant to Fed. R. Civ. P. 6(b)(1) and LR IA 6-1, IA 6-2, and 7-1, Plaintiff Marisol Levi and Defendant Global Innovations Bank, by and through their respective undersigned counsel, hereby stipulate and agree to extend the time for Defendant to file its response to Plaintiff's Complaint (ECF No. 1-1) to **August 15, 2025**. This is the second request for extension of the deadline to respond to Plaintiff's Complaint.

The Complaint was filed on February 12, 2025, in the Eighth Judicial District Court of Nevada. (ECF No. 1-1.) On June 2, 2025, Plaintiff purported to serve the state court-issued Summons and Complaint upon an employee of Defendant in Kiester, Minnesota. (ECF No. 1, p. 2, ¶ 2.) To date, upon information and belief, no other defendant in this case has been served with the Summons and Complaint. On July 2, 2025, Defendant removed the case pursuant to federal question jurisdiction to this Court. (ECF No. 1.) Pursuant to this Court's July 10, 2025, order, (ECF No. 8), Defendant's response to Plaintiff's Complaint is currently due on August 1, 2025.

Fed. R. Civ. P. 6(b)(1) provides that when an act must be done within a specified time, the Court "may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires…." "Good cause" is not a rigorous or high standard, and courts have construed the test broadly. *Ahanchion v. Kenan Pictures*, 624 F.3d 1253 (9th Cir. 2010). Rule 6(b) "[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983); *Wong v. Regents of the Univ. of Calif.*, 410 F.3d 1052, 1060 (9th Cir. 2005) ("Of course, courts should not mindlessly enforce deadlines."). Indeed, the "good cause" standard "primarily considers the diligence of the party seeking the amendment." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013). In general, an application for extension of time under Rule 6(b)(1)(A) will be granted in the absence of bad faith. *Ahanchion*, 624 F.3d at 1259 (quoting 4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1165 (3d ed. 2004)) (internal quotations omitted). Here, good cause warrants the stipulated extension.

With the breadth of the allegations in the Complaint, Defendant's counsel still needs more time to investigate the allegations asserted in the Complaint, confer with Defendant's representatives, and prepare Defendant's response to the Complaint. A two-week extension should be sufficient for Defendant's counsel to complete the investigation, confer with Defendant's representatives regarding the investigation, and prepare a response to the Complaint. An extension to **August 15, 2025**, is therefore reasonable.

1    In stipulating to the extension, the parties are not waiving, relinquishing, or otherwise

2  impairing any claim, defense, argument, or other right they may have. *See Szanto v. Marina*

3  *Marketplace 1, LLC*, No. 3:11-cv-00394-RCJ-VPC, 2013 U.S. Dist. LEXIS 168028, at *10 (D.

4  Nev. Nov. 26, 2013).

5  THE FAUX LAW GROUP                          JACKSON LEWIS P.C.

6  /s/ *Kurt C. Faux*                          /s/ *I-Che Lai*

7  Kurt C. Faux, Esq.                          Joshua A. Sliker, Esq.
   Nevada Bar No. 3407                         Nevada Bar No. 12493

8  Willi H. Siepmann, Esq.                     I-Che Lai, Esq.
   Nevada Bar No. 2478                         Nevada Bar No. 12247

9  2625 North Green Valley Parkway, Suite 100  300 South Fourth Street, Suite 900
   Henderson, Nevada 89014                     Las Vegas, Nevada 89101

10

11 *Attorneys for Plaintiff*                   *Attorneys for Defendant*
   *Marisol Levi*                              *Global Innovations Bank*

12

13                                             **IT IS SO ORDERED.**

14

15

16                                             _____
                                               UNITED STATES MAGISTRATE JUDGE

17

18                                             DATED: August 4, 2025
                                                      _____

19

20

21

22

23

24

25

26

27

28