UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MARISOL LEVI,

    Plaintiff,

v.

GLOBAL INNOVATIONS BANK, et al.,

    Defendants.

Case No. 2:25-cv-01201-GMN-NJK

**Order**

[Docket Nos. 53, 54]

Pending before the Court are Plaintiff's second motion to extend the time for service, Docket No. 54, and Plaintiff's motion to serve Defendant David Hales by publication. Docket No. 53.

**I.     EXTENSION REQUEST**

Where good cause is shown, the time for serving the complaint is extended for an appropriate period. *See* Fed. R. Civ. P. 4(m). Plaintiff established sufficient cause to extend the time for effectuating service to February 22, 2026. *See* Docket No. 54.

**II.    SERVICE BY PUBLICATION OR OTHER ALTERNATIVE MEANS**

Plaintiff also seeks leave to serve Defendant David Hales by publication. *See* Docket No. 53. Due process requires that a defendant in a civil action be given notice of the action that is reasonably calculated to apprise the defendant of the pendency of the action and afford the defendant an opportunity to present his or her objection. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Service may be effectuated pursuant to the law of the forum state, or in which service is made. *See* Fed. R. Civ. P. 4(e)(1). Nevada law permits service by publication if the plaintiff cannot, after due diligence, locate the defendant. *See* Nev. R. Civ. P. 4.4(c)(1)(a). Due diligence is that which is appropriate to accomplish actual notice and is reasonably calculated to do so. *See Abreu v. Gilmer*, 985 P.2d 746, 749 (1999) (citing *Parker v. Ross*, 217 P.2d 373, 379 (Utah 1950)). Courts may consider the number of attempts made to serve the defendant at his residence and other methods of locating the defendant, such as consulting public directories and family members. *See, e.g., Price v. Dunn*, 787 P.2d at 786-87; *Abreu*, 985 P.2d at 749; *McNair v.*

*Rivera*, 874 P.2d 1240, 1241 (Nev. 1994).  Service by publication is generally disfavored because substituted service implicates a defendant's constitutional right to due process.  *See, e.g., Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15; *Trustees of the Nev. Resort Assoc.— Int'l Alliance of Theatrical Stage Employees & Moving Picture Machine Operators v. Alumifax, Inc.*, 2013 U.S. Dist. Lexis. 106456, *2 (D. Nev. July 29, 2013).

The Court finds that Plaintiff has demonstrated the requisite due diligence to effectuate service on Defendant David Hales by publication.  The record details numerous previous unsuccessful attempts to locate Defendant Hales to effectuate service on him.  *See, e.g.*, Docket Nos. 37, 38.  In the instant motion, Plaintiff submits that she made multiple professional service attempts to personally serve Defendant Hales at his last known residence in Las Vegas, Nevada, which was found severely damaged by fire and visibly uninhabited.  *See* Docket No. 53 at 2-5.  Plaintiff also contends that she attempted service at an address believed to be associated with Defendant Hales in Utah.  *See id.* at 5.  Further, Plaintiff asserts that she conducted comprehensive skip-trace searches, attempted to contact previous counsel, investigated potential addresses across at least three states, and requested that counsel of corporate defendants provide Defendant Hales' last known contact information.  *See id.*  These circumstances suffice to allow service by publication at this juncture.

### III.     CONCLUSION

Accordingly, the Court **GRANTS** Plaintiff's motions to extend the time for service, and to serve Defendant David Hales by publication.  Docket Nos. 53, 54.  The time for effectuating service is extended to February 22, 2026.  Plaintiff is permitted to serve Defendant David Hales by publication in the Las Vegas Review-Journal on a weekly basis for a period of four weeks.  Plaintiff is **ORDERED** to file an Affidavit of Publication within one week of completing publication.

IT IS SO ORDERED.

Dated: January 5, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

2