**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Marisol Levi, | Case No. 2:25-cv-01201-GMN-NJK |
| Plaintiff(s), | **ORDER** |
| v. | [Docket Nos. 12, 45, 55, 62] |
| Global Innovations Bank, et al., | |
| Defendant(s). | |

Pending before the Court is Defendant Global Innovations Bank's motion to dismiss. Docket No. 12. Plaintiff filed a response. Docket No. 17. Global Innovations Bank filed a reply. Docket No. 22. Also pending before the Court is Defendant Global Fidelity Corp.'s motion to dismiss. Docket No. 45. Plaintiff filed a response. Docket No. 46. Global Fidelity Corp. filed a reply. Docket No. 47. Also pending before the Court is Defendant Global Innovations Holdings Inc.'s motion to dismiss. Docket No. 55. Plaintiff filed a response. Docket No. 64. Global Innovations Holdings Inc. filed a reply. Docket No. 72. The motions to dismiss have been referred to the undersigned magistrate judge for handling. Also pending before the Court is Defendants' motion to stay discovery. Docket No. 62. The motions are properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motions are **DENIED** without prejudice.[1]

---

[1] Magistrate judges are generally not permitted to resolve a motion to dismiss for failure to state a claim. *See* 28 U.S.C. § 636(b)(1)(A). Nonetheless, an order denying a motion to dismiss without prejudice does not resolve any claim or defense; it simply tells the movant to try again. Such a ruling is a non-dispositive matter within a magistrate judge's authority. *See Florence v. Stanback*, 607 F. Supp. 2d 1119, 1120-21 (C.D. Cal. 2009); *see also, e.g., Ceja v. Scribner*, 2016 WL 3996152, at *6 (C.D. Cal. Jan. 19, 2016). As such, the undersigned issues an order, as opposed to a report and recommendation.

## I.   GLOBAL INNOVATIONS BANK'S MOTION TO DISMISS (DOCKET NO. 12)

Plaintiff's complaint brings a claim for sexual harassment under Title VII.  Docket No. 1-1 at ¶ 66.  Although Global Innovations Bank is seeking dismissal of this claim at the pleading stage pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, nearly every case cited in its argument arises in the summary judgment, bench trial, or post-jury-trial context.  Docket No. 12 at 6-8.[2]  The standards for what is sufficient to survive a motion to dismiss are different than the standards for the evidentiary showings required to withstand summary judgment or to prove a claim.  *See Burgess v. Washoe Cnty.*, 2026 WL 172630, at *2 (D. Nev. Jan. 21, 2026); *see also, e.g.*, *Rahimian v. Adriano*, 2022 WL 798371, at *5 (D. Nev. Mar. 16, 2022) (Navarro, J.).  At the pleading stage, the complaint must give fair notice of the claim, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007), and allege "enough facts to state a claim for relief that is plausible on its face," *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  Because the argument in the briefing is not presented through caselaw applying the Rule 12(b)(6) lens, it is properly denied without prejudice to refiling.

Plaintiff's sexual harassment claim is the only cause of action in the complaint that is clearly brought pursuant to federal law.  Docket No. 1-1 at ¶ 66.[3]  Courts frequently decline to exercise supplemental jurisdiction over state law claims if the federal claims are dismissed.  *See* 28 U.S.C. § 1367(c)(3); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (en banc).  Given that the Court is denying without prejudice the motion to dismiss the federal sexual harassment claim, it is unclear whether Plaintiff will be found to have stated a federal cause of action.  As a result, the Court declines at this time to address the arguments as to the state law

---

[2] The sole exception appears to be *Hamby v. WNBA, LLC*, 2025 U.S. Dist. Lexis 86987 (D. Nev. May 6, 2025), which is cited in a footnote for the proposition that state law claims are analyzed under the same principles as federal law claims, Docket No. 12 at 6 n.3.

[3] Plaintiff's briefing references the sexual orientation discrimination claim as being brought under state and federal law.  *See* Docket No. 17 at 9.  The complaint brings claims for sexual orientation discrimination and religious discrimination, citing explicitly only to state law while also incorporating by reference all prior allegations.  *See* Docket No. 1-1 at ¶¶ 77-91.  If Plaintiff was intending to allege federal causes of action on these grounds, the Court notes that the argument in the pending motion practice is (again) supported almost exclusively with case law in the summary judgment, bench trial, and post-jury-trial context.  Docket No. 12 at 9-12.

claims.  Global Innovations Bank is permitted to challenge the state law claims in any renewed motion practice, arguments that will be addressed if the circumstances so warrant.

## II.     GLOBAL FIDELITY CORP.'S MOTION TO DISMISS (DOCKET NO. 45)

Global Fidelity Corp.'s motion to dismiss incorporates by reference the motion to dismiss filed by Global Innovations Bank.  Docket No. 45 at 6.  For the reasons stated above, this motion to dismiss is also denied without prejudice to refiling.

## III.    GLOBAL INNOVATIONS HOLDINGS INC.'S MOTION TO DISMISS (DOCKET NO. 55)

Global Innovations Holdings Inc.'s motion to dismiss is in some ways different from the motion to dismiss discussed above, but it too relies on the same case law discussed above as to the federal sexual harassment claim.  *See* Docket No. 55 at 7-10.[4]  The Court will likewise deny this motion to dismiss without prejudice to refiling.

## IV.    DEFENDANTS' MOTION TO STAY DISCOVERY (DOCKET NO. 62)

Defendants have sought a stay of discovery pending resolution of their motions to dismiss. Docket No. 62.  In light of the above, the Court will deny that request without prejudice to refiling in conjunction with any renewed motions to dismiss.

## V.     CONCLUSION

For the reasons discussed above, the Court **DENIES** without prejudice Defendant Global Innovations Bank's motion to dismiss, Docket No. 12, Defendant Global Fidelity Corp.'s motion to dismiss, Docket No. 45, Defendant Global Innovations Holdings Inc.'s motion to dismiss,

---

[4] Global Innovations Holdings Inc. also challenges Plaintiff's exhaustion of administrative remedies.  Docket No. 55 at 6-7.  The case law cited on that issue is more of a mixed bag in terms of the procedural posture.  Nonetheless, at least some of the case law cited by Global Innovations Holdings Inc. treats the exhaustion exceptions as factual issues resolved at summary judgment or trial.  *See Bautista v. BNSF Ry. Co.*, 2010 U.S. Dist. Lexis 46923, at *21 (W.D. Wash. May 10, 2010) ("the plaintiff has asserted many facts about the interrelationship between BNSF, Union Pacific, and LSC that raise genuine issues of material facts as to whether the plaintiff may bring his claim against Union Pacific, who was unnamed in the plaintiff's EEOC charge").  Rather than resolve these motions in piecemeal fashion, the exhaustion argument in this motion to dismiss will also be denied without prejudice.  Any renewed motion raising exhaustion may include additional argument as to why a decision on these exceptions is properly made at the pleading stage in this case rather than at summary judgment or trial.

Docket No. 55, and Defendants' motion to stay discovery, Docket No. 62. Any renewed motions must be filed by <u>February 24, 2026</u>.

IT IS SO ORDERED.

Dated: February 9, 2026

_____
Nancy J. Koppe
United States Magistrate Judge